**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Wilson, individually and derivatively on behalf of Carolina Custom Converting, LLC, Plaintiff,

v.

John Gandis, Andrea Comeau-Shirley, Zoi Films, LLC, and Carolina Custom Converting, LLC, Defendants,

John Gandis and Andrea Comeau-Shirley, Third-Party Plaintiffs,

v.

Carolina Custom Converting, LLC, Third Party Defendant and Counterclaim Plaintiff,

v.

Dave Wilson, Steve Norvell, Neologic Distribution, Inc. and Fresh Water Systems, Inc.,

Of Whom David Wilson, Neologic Distribution, Inc., and Fresh Water Systems, Inc., are the Respondents,

and

John Gandis, Andrea Comeau-Shirley, and Carolina Custom Converting, LLC, are the Appellants.

Appellate Case No. 2015-000476

―――――――――

Unpublished Opinion No. 2018-UP-078
Heard November 8, 2017 – Filed February 7, 2018

**AFFIRMED**

Joseph Owen Smith, of Roe Cassidy Coates & Price, PA,
and D. Randle Moody, II, of Jackson Lewis, P.C., both of
Greenville, for Appellants John Gandis and Andrea
Comeau-Shirley; and Burl F. Williams, of Nexsen Pruet,
LLC, of Greenville, for Appellant Carolina Custom
Converting, LLC.

Bruce Bellinger Campbell, of Horton Law Firm, P.A., of
Greenville, for Respondents Neologic Distribution, Inc.
and Fresh Water Systems, Inc.; and W. Andrew Arnold,
of Horton Law Firm, P.A., of Greenville, for Respondent
David Wilson.

**PER CURIAM:** In this civil matter, Carolina Custom Converting, LLC (CCC), John Gandis, and Andrea Comeau-Shirley appeal the circuit court's order finding Gandis and Shirley "froze-out" David Wilson as the minority shareholder of CCC and ordering Gandis and Shirley to buy out Wilson's interest in CCC. On appeal, Gandis and Shirley argue the circuit court erred in (1) finding Wilson did not breach his fiduciary duties to Gandis and Shirley, (2) finding Gandis and Shirley froze-out and oppressed Wilson, (3) ordering them to buy out Wilson's interest despite the absence of unconscionable conduct, and (4) awarding Wilson equitable relief when he had unclean hands. CCC argues the circuit court erred in (1) finding no trade secret existed under the South Carolina Trade Secret Act, (2) finding CCC did not sufficiently safeguard its confidential information, (3) finding CCC was not entitled to damages for trade secret misappropriation, and (4) misapplying fiduciary duty law and the statute of limitations to the claims of breach of fiduciary duty and usurpation of corporate opportunity. We affirm and

adopt the circuit court's order in full.  *See Byrd v. Livingston*, 398 S.C. 237, 245, 727 S.E.2d 620, 624 (Ct. App. 2012) (adopting the circuit court's order as to some issues); *Grosshuesch v. Cramer*, 367 S.C. 1, 6, 623 S.E.2d 833, 835 (2005) (adopting the reasoning set forth in the circuit court's order as to some of the issues on appeal).

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**